IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

KENNETH JAY MACE                                                      PLAINTIFF
5839 Reeds Bridge Road
Ringgold, Georgia 30736-0687

                                              Case No.  4:18-cv-38-HLM-WEJ

v.

                                              Judge_____

SHELLPOINT PARTNERS, LLC                                            DEFENDANTS
d/b/a SHELLPOINT MORTGAGE SERVICING
55 Beattie Place, Suite 300
Greenville, South Carolina 29601-2165

          SERVE:     Corporation Service Co.
                     80 State St.
                     Albany, New York 12207
                     (BY GEORGIA SECRETARY OF STATE)
AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:     Shawn Baldwin
                     1550 Peachtree Street, N.W., H46
                     Atlanta, Georgia 30309
                     (BY CERTIFIED MAIL)

                     ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Kenneth Jay Mace, by counsel, and for his Verified Complaint against

the Defendants, Shellpoint Partners, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and

Equifax Information Services, LLC ("Equifax"), states as follows:

## I.  PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.; arising out of Shellpoint's false reporting to Equifax of an alleged delinquent debt, Shellpoint's and Equifax's failure to investigate Plaintiff's dispute of Shellpoint's false credit reporting and Defendants' failure to correct Shellpoint's false reporting on Plaintiff's Equifax credit report.

## II.  PARTIES

2.      Plaintiff, Kenneth Jay Mace, is currently and was at all relevant times a citizen of the State of Georgia residing at 5839 Reeds Bridge Road, Ringgold, Georgia 30736-0687.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Shellpoint, is a New York limited liability company doing business in the State of Georgia with its principal place of business at 55 Beattie Place, Suite 300, Greenville, South Carolina 29601.

5.      Shellpoint is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Georgia with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Catoosa County, Georgia as a result of the Defendants' doing business in Catoosa County, Georgia.

### IV.  FACTUAL BACKGROUND

10.     In or around December 2004, Plaintiff opened a mortgage account with Countrywide Mortgage Company ("the mortgage").

11.     In or around February 2007, Bank of New York filed an action against Plaintiff in an effort to foreclose on the mortgage provided.  In or around February 2011, the Circuit Court of Lee County, Florida entered an Order of Dismissal of the action filed against the Plaintiff by Bank of New York to foreclose on the mortgage.  The mortgage is invalid and unenforceable.

12.     In October 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed his Equifax credit report and discovered derogatory tradelines furnished by Shellpoint referencing Plaintiff's alleged mortgage debt.

13.     Immediately upon discovering Shellpoint's false and derogatory tradeline, Plaintiff filed a dispute with Equifax regarding the inaccuracy of the Shellpoint tradeline given the invalidity and unenforceability of the alleged debt and Bank of New York's 2013 inability to collect the alleged debt in the aforementioned debt.

14.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Shellpoint of the dispute at or within five (5) days of Equifax's, receiving notice of the dispute from Plaintiff.

15.     In December 2017, Shellpoint and Equifax verified the alleged past due Shellpoint account.

16.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Shellpoint and Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

17.     Upon information and belief, Shellpoint and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Shellpoint's and Equifax's receipt of Plaintiff's dispute.

18.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V.  CLAIMS

### Negligence – Shellpoint

19.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Shellpoint's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due account was negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, Shellpoint breached its duties to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

21.     Shellpoint's failure to investigate Plaintiff's disputes and its false reporting to Equifax regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

22.     Shellpoint's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Equifax

23.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Shellpoint's false report of Plaintiff's alleged past due Shellpoint account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.  In failing to investigate Plaintiff's dispute and in failing to remove and/or amend the Shellpoint tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff and acted with conscious disregard for Plaintiff's rights. Equifax's negligent failure to remove Shellpoint's alleged past due account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

25.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove and/or amend Shellpoint's tradelines on Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Shellpoint

26.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Shellpoint, with knowledge of the falsity of its statements, has published and

continues to publish statements to others, including, but not limited to, Equifax, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Shellpoint. Shellpoint's statements were false and were made with conscious disregard for the rights of the Plaintiff.

28.   Shellpoint's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Shellpoint account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

29.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.   Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Shellpoint, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Shellpoint. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

31.   Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Shellpoint account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act – Shellpoint

32.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.   Shellpoint's failure to investigate Plaintiff's dispute and its initial and continuing

false reporting to Equifax of Plaintiff's alleged past due Shellpoint account is a violation of Shellpoint's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

34.    Shellpoint's violation of the FCRA amounts to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Shellpoint is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

35.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.    Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the disputed Shellpoint tradeline on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Shellpoint**

39.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 38 as if fully set forth herein.

40.     Shellpoint's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due Shellpoint account, despite Shellpoint's knowledge of the falsity of its reporting, is a willful violation of Shellpoint's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

41.     Given Shellpoint's knowledge of the falsity of its reporting, Shellpoint's violation of the FCRA amounts to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Shellpoint is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

42.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43.     Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the Shellpoint tradeline on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

45.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA

as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kenneth Jay Mace, respectfully demands the following:

1.  Trial by jury on all issues so triable;

2.  Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.  For attorneys' fees and costs; and,

4.  Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ Peter C. Ensign*
Peter C. Ensign
GA Bar 249362
6111 Shallowford Road, Suite 105
Chattanooga, Tennessee 37421
P - (423) 510-0410
F – (423) 510-1395
ensign@ensignlegal.com
*Counsel for Plaintiff*

*/s/ David W. Hemminger*
David W. Hemmingee
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY 40202
P – (502) 443-1060
F – (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Kenneth Jay Mace, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Kenneth Jay Mace

STATE OF GEORGIA  TN          )
                              ) SS
COUNTY OF  Hamilton           )

Subscribed, sworn to and acknowledged before me by Kenneth Jay Mace this 29th day of January, 2018.

_____

_____
                                        Notary Public

                                        Commission expires: 1-9-21